UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James R. Brinson, II,<br>Plaintiff,<br><br>v.<br><br>Hometeam Pest Defense, Inc. and Rollins, Inc.,<br>Defendants. | CASE NO.:  2:24-cv-242-BHH-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. Two (2) charges of employment discrimination on the basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

    b. All Notifications of the Right to Sue were received from the EEOC on or about November 16, 2023.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, James R. Brinson, II, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. Defendant, Hometeam Pest Defense, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. Defendant, Rollins, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. The Defendants are a "person" within the meaning of Title VII and the ADA.

8. The Defendants are an industry that affects commerce within the meaning of Title VII and the ADA.

9. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

10. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. In or around October 2018, the Plaintiff began working for Defendants as a Termite Technician.

12. The Plaintiff suffers from an addiction to alcohol. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

13. Soon after reporting his disability to the general manager, LaPatrick Robinson, had a camera installed in Plaintiff's work truck. Plaintiff was the only employee with a camera installed after a recent theft occurred. The Plaintiff later was informed that the theft wasn't committed by an employee, but the Defendant did not remove the camera or install one in any of the other work trucks.

14. After the theft at work occurred, a co-worker said to Plaintiff "the cops are here, aren't you worried?"

15. On another occasion, after a meeting, Plaintiff was told "at least you didn't leave your crack-pipe there" referring to Plaintiff's belongings.

16. Plaintiff reported to his manger that they were discriminating against him based on his disability, but he told Plaintiff, to "shut your fucking mouth" when he did so.

17. On or about October 21, 2021, Plaintiff resigned from his employment due to the constant discrimination, retaliation, and hostile working environment, as well as an effort to maintain his health.

18. At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

21. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendants' employ.

22. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

23. Based on Plaintiff's disability, Defendants retaliated against the Plaintiff in his employment, in violation of the Act.

24. Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

27. The Defendants' stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

28. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

30. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

31. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

32. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

33. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

## FOR A THIRD CAUSE OF ACTION
### Violation of the ADA - Hostile Work Environment

34. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

35. Once Plaintiff asserted his rights under the ADA, Plaintiff was subjected to adverse terms and conditions by the Defendants causing a hostile work environment.

36. The Defendants' wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendants violated ADA by allowing a hostile work environment to exist in the workplace.

37. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

38. That the aforesaid discharge of Plaintiff's employment by the actions of Defendants constitutes a violation of ADA.

39. As a direct and proximate result of the acts and practices of Defendants in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FOURTH CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. The Defendants wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff, whenever Plaintiff was subjected to objectively intolerable conditions that any reasonable person would not be expected to endure.

42. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendants, constitutes a violation of clear mandate of public policy of the State of South

Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

43. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## **REQUEST FOR RELIEF**

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.  Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable;

2.  Judgment in favor of the Plaintiff and against the Defendants for back pay and associated benefits in such an amount to be determined by the trier of fact;

3.  Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4.  Judgment in favor of the Plaintiff and against the Defendants for prejudgment interest;

5.  Judgment in favor of the Plaintiff and against the Defendants for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.  Judgment in favor of the Plaintiff and against the Defendants for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

*(Signature on following page)*

                    **WIGGER LAW FIRM, INC.**

                    s/ *Matthew O. King*
                    Matthew O. King (Fed. I.D. #13793)
                    Attorney for the Plaintiff
                    8086 Rivers Avenue, Suite A
                    North Charleston, SC  29406
                    t: (843) 553-9800
                    f: (843) 203-1496
                    e: mking@wiggerlawfirm.com

North Charleston, South Carolina
January 16, 2024.